UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CARTILUS EUGENE WALTERS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:18-CV-101 JD |
| vs. | ) |
| | ) |
| WESTVILLE CORRECTIONAL | ) |
| FACILITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Cartilus Eugene Walters, III, a *pro se* prisoner, filed this lawsuit alleging that he was incorrectly found guilty of assault and battery after a disciplinary hearing at the Westville Correctional Facility (Westville). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On December 21, 2017, Walters was found guilty of assaulting and battering a fellow inmate and was sanctioned. ECF 2 at 3. He claims that he is innocent of that charge and further claims that he was denied due process during his prison disciplinary hearing as well as his subsequent appeals and grievances. He sues Westville and S.

Gutierrez, the disciplinary hearing officer.

As a threshold matter, Westville is not a proper defendant here. Though the prison is where these events occurred, it is a building, not a person or even a policy making unit of government that can be sued pursuant to Title 42 U.S.C. section 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

To the extent Walters seeks damages from Gutierrez, such a claim is not yet ripe. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the United States Supreme Court made clear that the principles of *Heck* also apply to prison disciplinary cases.

> In *Heck*, this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards*, 520 U.S. at 643 (citation and quotation marks omitted).

Here, Walters admits that he was found guilty of assault and battery, and has not alleged that the finding of guilt has since been invalidated. Because a finding of liability in this case would inherently undermine the validity of his disciplinary hearing, it is futile to pursue his claim at this time. He may not proceed with this claim until that finding is overturned on administrative appeal or in a habeas corpus proceeding.

Additionally, though Walters argues that he is not guilty of the assault and battery charge, this is not the proper proceeding to challenge the prison disciplinary hearing officer's finding because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Therefore this case must be dismissed without prejudice. The

clerk will send Walters a blank habeas corpus petition so that he can challenge that prison disciplinary proceeding, should he so choose. If he is able to have that case overturned, then he can refile his claims against S. Gutierrez. Until then, these claims are not yet ripe.

For these reasons, the court:

(1) DIRECTS the clerk to send Walters a blank AO 241 (Rev. 1/15) (INND Prison Disciplinary Rev. 8/16); and

(2) DISMISSES this case WITHOUT PREJUDICE.

SO ORDERED on March 16, 2018.

/s/ JON E. DEGUILIO
Judge
United States District Court